John E. Niedrach, Hine & Carroll, Rome, Ga., for Load-It, Inc.

William E. Turnipseed, Savelle, Williams, Cox & Angel, Atlanta, Ga., for GTE Leasing Corp.

**LOAD–IT, INC.**

v.

**GTE LEASING CORPORATION.**

**In re LOAD–IT, INC.**

**Civ. A. No. C86–04R.**
**Related Bankruptcy No. 84–89R.**

United States District Court,
N.D. Georgia,
Rome Division.

June 19, 1986.

## ORDER

HAROLD L. MURPHY, District Judge.

Load-It, Inc. appeals the bankruptcy court's decision that GTE Leasing Corporation ("GTE Leasing") has a perfected security interest in three Kenworth tractors. This Court reverses and remands.

On May 20, 1983, Load-It, Inc. entered into a Master Lease agreement with GTE Leasing. Pursuant to that agreement, Load-It agreed to lease, with an option to buy, three Kenworth tractors. Pursuant to O.C.G.A. § 40–3–50(b) (1982), GTE Leasing applied with the state of Georgia for certificates of title and thereby perfected security interests in the three tractors.

On May 27, 1983, GTE Leasing delivered the Kenworth tractors. At that time, the president of Load-It expressed to GTE Leasing's district manager his desire to change the transaction from a lease/purchase agreement to an installment sales contract. As a result, the parties met on June 7, 1983 and executed an installment sales contract entitled a "Financing and Security Agreement." Also as part of the transaction the original seller of the tractors, Truck & Trailer Sales, Inc., assigned its interest in the tractors to GTE Leasing. GTE Leasing failed, however, to reapply with the state revenue commissioner for certificates of title showing Load-It, rather than GTE, as owner of the tractors under the new agreement. Load-It argues that, by failing to reapply for certificates of title, GTE Leasing also failed to perfect

its security interest in the tractors under the Financing and Security Agreement as required by O.C.G.A. § 40–3–50(b) (1982).

The bankruptcy court, relying on *Load-It, Inc. v. VTCC, Inc.*, 774 F.2d 1077 (11th Cir.1985), held that the certificates of title obtained under the lease agreement gave notice of GTE Leasing's security interest and that GTE Leasing perfected its security interest by substantially complying with the requirements of O.C.G.A. § 40–3–50(b) (1982). The bankruptcy court further held that the certificates of title, by giving notice of GTE Leasing's security interest, served to perfect GTE Leasing's security interest under the installment contract as well. This Court, however, cannot agree with the bankruptcy court's expansive use of the narrow rule announced in *Load-It.*

The Georgia Title Act states that: "A security interest is perfected by delivery to the commissioner of the existing certificate of title, if any, and an application for a certificate of title containing the name and address of the holder of a security interest, the date of his security interest, and the required fee." O.C.G.A. § 40–3–50(b) (1982). The Eleventh Circuit in *Load-It* held that a lessor can perfect a security interest, when a lease is intended to create a security interest, by filing for a certificate of title that shows the lessor as owner, even though the certificate does not also show the lessor as a security holder. The court held that this filing was in substantial compliance with the Georgia Title Act.

In this case, however, the bankruptcy court assumed that the lease agreement was rescinded and that an installment sales contract was executed. GTE Leasing stipulated that it made no application for a certificate of title after executing the sales contract. As GTE Leasing made no filing, GTE Leasing was not in substantial compliance with the Georgia Title Act. GTE Leasing failed to perfect its security interest under the installment contract.

The bankruptcy court did not rule on the issue of whether or not the Master Lease was rescinded under Georgia law. If the lease remained in force, then GTE Leasing has a perfected security interest under the lease. The Court finds, however, that GTE Leasing did not perfect its security interest under the Financing and Security Agreement. In light of the dispute over whether the Master Lease was rescinded, the case is remanded to the bankruptcy court for further proceedings not inconsistent with this opinion.