In re David Edward BETTS, Debtor.

Morton P. LEVINE, in his capacity as Trustee for the Estate of David Edward Betts, Plaintiff,

v.

LEASING INTERNATIONAL, INC. d/b/a Gelco Vehicle Leasing, Defendant.

Bankruptcy No. A85–02870–WHD.
Adv. No. 86–0772A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 16, 1987.

Stephen H. Block, Levine & D'Alessio, Atlanta, Ga., for plaintiff.

C. Cyrus Malone, Freisem, Swann & Malone, Atlanta, Ga., for defendant.

## ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on cross-motions for judgment on the pleadings. The material facts, as alleged in the complaint and admitted in the answer, are as follows.

The debtor, David Edward Betts, filed his Chapter 11 petition on June 3, 1985. Plaintiff was appointed as Trustee in the case on September 30, 1985. In his capacity as Trustee, plaintiff initiated this adversary proceeding on October 20, 1986 by filing a complaint to avoid a security interest.

On or about November 5, 1980, debtor entered into a Lease Agreement with defendant, Leasing International, Inc. ("Leasing International") for a 1980 Mercedes 300 T.D. Defendant's answer admitted to the genuineness of the copy of said Lease Agreement attached to plaintiff's complaint.

On or about May 12, 1981, the State of Georgia issued a Certificate of Title to said vehicle in the name of Leasing International.

On or about September 7, 1984, when the 48–month term of the first Lease Agreement was about to expire, the debtor entered into a second Lease Agreement, which was identical to the first agreement and which extended the lease for an addi-

tional 24–month term.[1] Defendant did not and has not reapplied for a new certificate of title on the vehicle since the issuance of the original certificate on or about May 12, 1981.

Based on these facts, plaintiff asserts that defendant's security interest is subject to avoidance and that defendant is liable to the plaintiff for the proceeds from defendant's sale of the car (which took place after defendant sought and obtained relief from the automatic stay). Defendant argues that it is entitled to judgment on the same facts even if it was true, as the Trustee apparently assumes, that Leasing International's interest is that of a secured party rather than a true lessor.

The parties' arguments are based mainly on two cases. First, in *Load-It, Inc. v. VTCC, Inc.*, 774 F.2d 1077 (11th Cir.1985), the Court of Appeals held that a "lessor" under a lease intended as security substantially complied with the Georgia Title Act, O.C.G.A. § 40–3–50(b), and therefore had a perfected security interest in vehicles when the lessor applied for a certificate of title showing the lessor as owner of the vehicle rather than as a security holder.

In the later case, *Load-It, Inc. v. GTE Leasing Corp.*, 72 B.R. 13 (N.D.Ga.1986), United States District Judge Harold L. Murphy considered the situation where the parties first entered into a lease/purchase agreement for some tractors, with the lessor applying for certificate of title as owner, but subsequently changed the transaction to an installment sales contract. The Court held that the lessor failed to perfect its security interest under the new installment sales agreement when it failed to reapply for certificates of title showing itself as security holder and the former lessee as owner. The District Court stated that the lessor would still have a perfected security interest under the original lease if the bankruptcy court, on remand, found that the lease had not been rescinded.

Summarizing the holdings of these two cases, it appears that a lessor under a lease intended as security can perfect its interest by applying for a certificate of title showing the lessor as owner. However, if the lease is rescinded in favor of a new agreement, the lessor may need to reapply for a new certificate of title in order to perfect its interest under the new agreement.

■ The specific fact situation which occurred in *Load-It, Inc. v. GTE Leasing Corp.* is clearly not involved here. Since the pleadings indicate that the parties' second agreement was identical to their first agreement, there was not such a change in their relationship as to require Leasing International to reapply for a certificate of title showing Betts, rather than Leasing International, as owner. The only possible change brought about by the second agreement which would have to be noted on the certificate of title would be a change in the date of the security interest.[2]

■ However, even if the second lease was a novation, as plaintiff argues, which rescinded the first agreement and effectuated a change in the date of Leasing International's security interest, Leasing International would still be in substantial compliance with the Georgia Title Act. Since the certificate of title needs only to show Leasing International as owner, the certificate would not also show Leasing International as security holder and clearly does not need to show the date of Leasing International's security interest. Therefore, requiring Leasing International to reapply for a certificate of title to perfect its interest under the second lease would be mean-

---

**1.** Although the answer states that the extension was for an additional four-year period, the complaint's attached copy of the second agreement, which is admitted to be genuine, shows only a 24–month term. The only other apparent differences between the first and second agreements are that the monthly payments were higher and the "residual value" of the car at the end of the lease term was reduced from $5,199.76 to $1,600.00.

**2.** For the consideration of the motions at bar only, the Court will treat Leasing International's interest as a security interest, since this is what both parties have done. Therefore, since the two lease agreements were "identical," both will be treated, for purposes of this Order, as leases intended as security.

ingless since the new certificate would not give any information not already on the existing certificate.

Furthermore, assuming both leases are disguised security agreements, the second lease was not a novation but more like a renewal of an existing promissory note, restructuring the parties' existing obligations[3] under the first lease, since no new funds were advanced to the debtor and the creditor was not attempting to take any further security interest than it already had. *See Matter of Ward*, 14 B.R. 549, 555 n. 1 (S.D.Ga.1981) (discussing the difference between a renewal and a novation under Georgia law). Therefore, the second lease agreement did not rescind the first and did not extinguish the existing security interest, and Leasing International was not required to apply for a new certificate of title in order to continue perfection of its interest.

Accordingly, it is ORDERED that plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion for judgment on the pleadings is GRANTED.

---

**3.** The Court notes that the debtor was liable for the "residual value" of the car at the expiration of the first lease term and that this obligation would have been reduced upon completion of the second lease.